## COMMONWEALTH *vs.* SAMUEL MORRIS.

Where, on the trial of an indictment for adultery, a witness for the prosecution testified to acts of familiarity between the defendant and his alleged paramour, occurring about the time of the offence as charged, and, on cross examination, the witness left it doubtful whether the acts testified to might not have occurred a year previous, it was held, that the doubt thus raised as to the time did not render the evidence incompetent, however its effect might be thereby diminished.

A paper, purporting to be a certificate of a marriage solemnized in another state, by a clergyman resident there, but not authenticated in any manner, is not admissible, under the provisions of the statutes of 1840, *c.* 84, and 1841, *c.* 20, on the trial of an indictment for adultery, to prove the fact of marriage, " as circumstantial or presumptive evidence, from which the fact may be inferred," though such paper be derived from the possession of the wife of the defendant.

The question, whether a verdict ought not to be set aside as against evidence, cannot be raised on a bill of exceptions.

The defendant, having been convicted in the municipal court of the crime of adultery with one Abby Dow, brought his case to this court upon exceptions taken to the rulings of the judge before whom the trial took place.

The bill of exceptions set forth, that, on the trial,

" The government was allowed to introduce a paper purporting to be a certificate of marriage of the defendant with one Mary Ann Peterson, and which had been in her possession until produced on the trial, but which was not in any way proved to be a true one, or any one, as a circumstance, from which, with others, the marriage might be inferred.

" The act charged was a single act, alleged to have been committed on the fourteenth day of May, eighteen hundred and forty-six, and the government, having introduced evidence to that point, was allowed to put in evidence of familiarities of the defendant with Dow, occurring about said time. One of the witnesses, who testified on the direct examination to acts of familiarity committed at or about the time set forth in the indictment, testified, on the cross examination, to circumstances tending to show that there was some uncertainty as to the time, and that these acts might have occurred a year before the alleged act.

" Abby Dow, called as a witness by the defendant, admitted the truth of every charge proved against the defendant, and swore that she never had any criminal connection with him. Her testimony was not directly impeached, but the credit of it left to the jury, with this instruction from the court, that if they believed her, they should acquit the defendant."

The certificate, it was admitted, purported to come from a clergyman, resident in another state, and to be evidence of a marriage there solemnized.

*M. S. Chase*, for the defendant. The certificate would not be admissible, as evidence, in the English courts. *Morris* v. *Miller*, 4 Burr. 2057. Nor in the courts of this commonwealth, previous to the statutes of 1840, *c.* 84, and 1841,

*c.* 20. *Comm'th* v. *Norcross,* 9 Mass. 492 ; *Ellis* v. *Ellis,* 11 Mass. 92 ; *Comm'th* v. *Littlejohn,* 15 Mass. 163 ; *Ham's Case,* 2 Fairf. 391 ; *Wedgwood's Case,* 8 Greenl. 75.

By the statutes above mentioned, it is enacted, that, in all cases, in which it shall be necessary to prove the fact of marriage, evidence of the admission of the fact by the party against whom the process is instituted, or of general repute, or of cohabitation as married persons, or any other circumstantial or presumptive evidence, from which the fact may be inferred, shall be received as competent evidence.

But the paper in question cannot be admitted, under this statute, as circumstantial or presumptive evidence. It is not in itself evidence of any description ; nor could it become so in any other manner than by being derived from the custody of the party to be affected by it. 1 Greenl. Ev. § 463 ; Hubbock, Ev. to Succ. 258, 259. If it had come from the possession of the defendant, it might have been evidence against him ; but coming from the possession of the wife, it could only affect her.

To the second point of the exceptions, the counsel cited 1 Greenl. Ev. § 52 ; 2 Same, § 47 ; *Stante* v. *Pricket,* 1 Camp. 473 ; and contended, that, on the testimony, the judge should have directed the jury to disregard the whole evidence of the witness.

*S. D. Parker,* (county attorney), for the commonwealth.

1. The certificate, purporting to be the official act of the person by whom it was signed, was admissible under the statutes, as in itself a piece of circumstantial evidence ; but, at all events, it was so, within the rule above stated, as a paper coming from the custody of the wife, which, in contemplation of law, no divorce having taken place between the parties, was the possession of the husband.

2. If the evidence of the witness, as to acts of familiarity between the defendant and Abby Dow, was somewhat qualified as to time, on the cross examination, it still had some tendency to prove the commission of the offence, and, consequently, could not properly have been excluded.

3. The credibility of Abby Dow was fairly left to the jury.

BY THE COURT.    This was an indictment for adultery. After conviction several exceptions were taken to the directions of the judge who tried the cause.

1. One arises in this way.    The prosecution offered evidence of familiarities of the defendant with Abby Dow, (with whom the adultery was alleged to have been committed), at or about the time of the offence charged.    On cross examination, the witness left it doubtful as to the time, so that the acts referred to might have occurred a year before.    It is objected, that this evidence ought not to have been received. It certainly could not have been rejected, as incompetent, when it was offered, for it was offered to prove acts about the time ; and the nearness of time is only a circumstance affecting its effect, and not its competency.    If the time be brought into doubt by the cross examination, it was for the jury to consider.

2. It was objected, upon the evidence, that the defendant ought to have been acquitted.    This is not a motion to set aside a verdict, as against evidence, nor is the evidence reported with that view ; such a question cannot be raised on a bill of exceptions.    The bill states, that Abby Dow, called as a witness by the defendant, admitted the truth of the charges proved against the defendant, but denied the criminal intercourse.    Her testimony was not directly impeached, but her credit was left to the jury, with directions to acquit the defendant, if they believed her.    This instruction was certainly favorable to the defendant, and he cannot object.    It is difficult to perceive how her admissions of familiarities of the defendant with her entitled her to any increased credit, or how the jury could have acquitted him upon her testimony, if they did not believe her.

3. One other exception is, that a certificate, purporting to be a marriage certificate made by a clergyman of another state, was offered by the prosecution, to prove the defendant's marriage, and was objected to, but admitted.    We are of

opinion, that this paper, wholly unauthenticated, was not competent evidence, and ought not to have been admitted. And it received no additional weight by coming from the custody of the woman alleged to be his wife. She could not be a witness against her husband, and her production of the paper, not verified or proved, did not make it evidence against him. It was said, that it was used only as a circumstance, in connection with other proof. If the other proof were sufficient without it, the certificate was unnecessary and immaterial ; if not, then it had weight as judicial proof, when it should have had none, and, in the minds of the jury, might have turned the scale.

*Verdict set aside, and case remanded to the municipal court, for a new trial.*